Form: ICB-12001-01 rev. 01

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in compliance with D.N.J. LBR 9004-2(c)**

Isabel C. Balboa
Chapter 13 Standing Trustee
Cherry Tree Corporate Center
535 Route 38, Suite 580
Cherry Hill, NJ  08002-2977

Order Filed on December 15, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| In Re: | Case No.: | 22-16515 (ABA) |
|---|---|---|
| Rubi Watson | Hearing Date: | 12/14/2022 |
| Reginald N. Watson | Judge: | Andrew B. Altenburg, Jr. |
| Debtor(s) | | |

# ORDER CONFIRMING CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two(2) through five(5) is hereby

**ORDERED**.

**DATED: December 15, 2022**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

Page 2 of 5
Debtor: Rubi Watson and Reginald N. Watson
Case No.: 22-16515 (ABA)
Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

The plan of the debtor having been proposed to the creditor, and a hearing having been held on the Confirmation of such Plan, and it appearing that the applicable provision of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the plan of the above named debtor, dated 08/17/2022, or the last amended plan of the debtor be and it is hereby confirmed.  The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor; and it is further

**ORDERED** that the debtor shall pay the Standing Trustee, Isabel C. Balboa, the sum of $1,547.00 **for a period of 57 months** beginning immediately, which payment shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586, together with $4,500.00 paid to date.

**ORDERED** that debtor shall pay.

100% to timely filed non-priority unsecured claims, or claims allowed pursuant to an order of the Court.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee of $4,750.00.  The unpaid balance of the allowed fee in the amount of $1,637.00 plus costs of $0.00 shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

Page 3 of 5
Debtor: Rubi Watson and Reginald N. Watson
Case No.: 22-16515 (ABA)
Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

**ORDERED** that if the debtor should fail to make plan payments for a period of more than 30 days, the Standing Trustee may file, with the Court and served upon the debtor and debtor's counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed.  The debtor shall have fourteen days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that upon expiration of the Deadline to File a Proof of Claim, the Chapter 13 Standing Trustee may submit an Amended Order Confirming Plan upon notice to the debtor(s), debtor(s)' attorney and any other party filing a Notice of Appearance.

**ORDERED** that student loans will be paid outside the debtor's Chapter 13 Plan.

**ORDERED** that the Standing Trustee shall be authorized to submit, ex-parte an Amended Order Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed.R.Bank. P.3002.

Page 4 of 5
Debtor: Rubi Watson and Reginald N. Watson
Case No.: 22-16515 (ABA)
Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf the creditor within 30 days of the expiration of the applicate bar date.  If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

**ORDERED** that the Standing Trustee is authorized to pay post-petition claims filed pursuant to 11 U.S.C. §1305(a), in the amount filed by the post-petition claimant.

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any discharge.

**ORDERED** that the debtor consents to pay secured claims as filed, with reservation of rights to challenge the claims.

**ORDERED** that any post-confirmation appreciation in the estate of the debtor be used for the benefit of the unsecured creditors.

Page 5 of 5
Debtor: Rubi Watson and Reginald N. Watson
Case No.: 22-16515 (ABA)
Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

**ORDERED** that any funds accrued to a creditor who has not filed a timely proof of claim be used for the benefit of the unsecured creditors.

**ORDERED** as follows:

Total plan length of 60 months. Flagstar Bank's claim in the amount of $553.07 shall be paid by the Chapter 13 Trustee. TD Retail Card Service's claim in the amount of $5,753.00 shall be paid by the Chapter 13 Trustee.

United States Bankruptcy Court

District of New Jersey

In re:  
Rubi Watson  
Reginald Nathanael Watson  
    Debtors

Case No. 22-16515-ABA  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-1     User: admin     Page 1 of 2  
Date Rcvd: Dec 15, 2022     Form ID: pdf903     Total Noticed: 1

The following symbols are used throughout this certificate:  
**Symbol    Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 17, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Rubi Watson, Reginald Nathanael Watson, 17 Autumn Lane, Egg Harbor Township, NJ 08234-5241 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 17, 2022     Signature:     /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 15, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Andrew B. Finberg | on behalf of Joint Debtor Reginald Nathanael Watson andy@sjbankruptcylaw.com abfecf@gmail.com;finbergar39848@notify.bestcase.com |
| Andrew B. Finberg | on behalf of Debtor Rubi Watson andy@sjbankruptcylaw.com abfecf@gmail.com;finbergar39848@notify.bestcase.com |
| Brian C. Nicholas | on behalf of Creditor Lakeview Loan Servicing LLC. bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Isabel C. Balboa | ecfmail@standingtrustee.com summarymail@standingtrustee.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |

District/off: 0312-1    User: admin    Page 2 of 2
Date Rcvd: Dec 15, 2022    Form ID: pdf903    Total Noticed: 1
TOTAL: 5